UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

**FILED**
98 AUG 28 PM 1:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIE FRANK EGGLESTON,           )

    Plaintiff,                    )

vs.                               )          Civil Action No. 97-S-1503-NW

STONE & WEBSTER ENGINEERING       )
CORPORATION,
                                  )
    Defendant.

**ENTERED**
AUG 2 8 1998

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment, filed July 6, 1998. In an order entered July 7, 1998 (Doc. No. 14), this court set August 5, 1998 as a deadline for the filing of a brief in opposition to this motion.[1] No such brief has been filed.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment not only is proper, but "<u>shall be rendered forthwith if</u> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[1] Specifically, this court's submission order (Doc. No. 14) provided: "Any evidentiary matters the party opposing the motion intends to rely on must be filed by July 29, 1998. Any brief of [the] opposing party must be filed by August 5, 1998."

law. ..." (Emphasis supplied.) The movant bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The moving party discharges this burden by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995)(per curiam). Rule 56 permits the movant to discharge this burden <u>with</u> or <u>without</u> supporting affidavits. *Celotex*, 477 U.S. at 324, 106 S. Ct. 2553. When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Jeffery*, 64 F.3d at 593.

In deciding whether the moving party has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also, to resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir. 1995) (citation omitted).

2

Moreover, evidence that is merely colorable, see *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988), conclusory, see *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989), or conjectural, does not create a genuine issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence <u>could</u> draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A "genuine" dispute about a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Jeffery*, 64 F.3d at 594 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The bottom line is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52, 106 S. Ct. 2512.

## II. DISCUSSION

The sole claim Willie Frank Eggleston has alleged is that Stone & Webster Engineering Corporation ("Stone & Webster") terminated his employment because of his race in violation of Title VII of the Civil Rights Act of 1964.[2]

---

[2] The court considers the limitations period discussed hereafter as beginning on the day of the last alleged discriminatory act: in this case, the termination of plaintiff's employment. Therefore, even if Eggleston properly

3

A prerequisite to this Title VII action is the filing of a charge of discrimination with the Equal Opportunity Employment Commission "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also Thomas v. Kroger Co.*, 24 F.3d 147, 150 (11th Cir. 1994).

In the motion for summary judgment, Stone & Webster asserts that Eggleston failed to file a timely charge of discrimination with the EEOC. Stone & Webster offers in support of its motion excerpts from Eggleston's deposition and two exhibits from the deposition: the EEOC's letter of November 27, 1996 to Eggleston and Eggleston's November 20, 1996 letter to the EEOC. (Defendant's Evidentiary Submission In Support Of Its First Motion For Summary Judgment, Doc. No. 13.)

Eggleston was discharged by Stone & Webster on April 26, 1996. (Complaint ¶ 7.) For purposes of this suit, therefore, a charge of discrimination was due to be filed by him within 180 days from that date: that is, by October 23, 1996. Eggleston did not file a charge of discrimination with the EEOC until December 2, 1996. (Eggleston deposition at 129-30.) Eggleston did send a letter to the EEOC on November 20, 1996, however, in an apparent effort to file a complaint against Stone & Webster. (Defendant's Evidentiary

---

alleged a claim for a discriminatory failure to promote, a claim which he only raised for the first time during his deposition (*see* Eggleston deposition at 134-38), that claim would have no bearing on the resolution of this motion.

4

Submission, Doc. No. 13, Ex. 3.)[3]  Viewing the evidence in the light most favorable to Eggleston, the court assumes his November 20, 1996 letter constituted a charge of discrimination for purposes of 42 U.S.C. § 2000e-5(e)(1).  Even so, the filing of such charge was untimely.

No genuine issue of material fact exists with respect to the untimely filing.  Therefore, Stone & Webster's motion for summary judgment is due to be granted.

An appropriate order in conformity with this memorandum opinion will be issued contemporaneously herewith.

DONE this __28th__ day of August, 1998.

_____
United States District Judge

---

[3] The EEOC responded to Eggleston's letter on November 27, 1996, and included with its responsive letter a completed charge of discrimination with instructions for Eggleston to sign and return the charge.  (Defendant's Evidentiary Submission, Doc. No. 13, Ex. 2.)  Eggleston signed and returned the charge on December 2, 1996.  (Eggleston deposition at 129-30.)

5